```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA


MEGA CONCRETE, INC., et al.   :   CIVIL ACTION
                              :
         v.                   :
                              :
MICHAEL SMITH, et al.         :   NO. 09-4234
```

MEMORANDUM

McLaughlin, J.                                    October 1, 2014

      This lawsuit involves allegations by Mega Concrete, Inc., Mega Sitework, LLC, and Capponi Enterprises, Inc., ("Mega") that two of its former employees, defendants Michael Smith and Kimberly Lawson, conspired and collaborated with others to steal the plaintiffs' resources, manpower, business opportunities, and payments owed on certain construction projects.

      The Court held a bench trial in this matter on September 3, 2014, in connection with the plaintiffs' claim against two of the defendants -- U.S. Concrete and Jerry Frajdenberg ("Frajdenberg") ("the defendants") and the counterclaims of the defendants against the plaintiffs[1]. The claims and counterclaims arose out of Mega's rental of its laser screed machine to U.S. Concrete ("U.S. Concrete") for use in a warehouse construction project in northern New Jersey.

---

[1] The plaintiffs voluntarily dismissed their claims against two of the defendants, and the Court dismissed all claims against seven of the defendants.

The plaintiffs asserted various state law claims against defendants, most of which sounded in fraud: fraud, civil conspiracy, conversion, tortious interference with a contractual relationship, unjust enrichment, and aiding and abetting breach of fiduciary duty.  The defendants asserted a counterclaim against the plaintiffs for breach of contract.  After the plaintiffs' case, the Court held that the plaintiffs had not carried their burden on any of their claims.  Based on that decision, the defendants then dismissed their counterclaim with prejudice.

What follows here are the Court's findings of fact and conclusions of law with respect to its decision to grant judgment to the defendants.

I.   Findings of Fact

The plaintiffs presented only one live witness, John Capponi, most of whose testimony was not based on personal knowledge; but, instead, was based on hearsay, opinion, speculation, and the plaintiffs' standard practice.  The reasons for this are obvious:  Mr. Capponi had nothing to do with the negotiation of the agreement between his companies and the defendants and he never visited the location of the job site at issue.  The plaintiffs also presented the testimony through

deposition of Jerry Frajdenberg and admitted a number of exhibits.

The facts that the Court was able to find based on the limited presentation of admissible evidence are sketchy.

Mr. Capponi is the sole shareholder of the three plaintiffs ("Mega") in this case. Mega Construction provides concrete site work, utility work, and multiple facets of construction. Mega Construction's speciality is cast-in-place concrete work. Michael Smith, one of the defendants, is a former employee of Mega Construction. He was the operations manager of the company before being terminated in September 2008, for employee dishonesty.

In 2007, U.S. Concrete was a subcontractor to either the owner or a contractor for a project named "Arco Industrial Park" in Cranberry, New Jersey. U.S. Concrete was providing cast-in-place concrete services. U.S. Concrete did business with Mega Construction at least one other time in the beginning of 2007.

Mr. Smith negotiated an agreement with Jerry Frajdenberg on behalf of U.S. Concrete sometime before October 2007 for the rental of the plaintiffs' laser screed machine to U.S. Concrete to be used on the Arco Industrial Park project. During the rental period, there was a problem with the use of the laser screed machine that resulted in an unlevel floor. The

plaintiffs failed to show by a preponderance of the evidence what the problem was – whether it was with the screed machine or a transmitter that is used with the screed machine.

The defendants never paid for the use of the screed machine, sending a letter dated September 19, 2008, claiming a back charge -- a set off against any amount owed to the plaintiffs as a result of the defendants having to remedy the unlevel floor. This set off amount was more than the rental price to which the defendants had agreed.

II. Conclusions of Law

The whole theory of this case from the beginning has been that Michael Smith committed fraud and breached a fiduciary duty he owed to the plaintiffs and in the course of that conduct, conspired with other customers of Mega Concrete to defraud the plaintiffs. The problem for the plaintiffs in trying to prove this case is that they did not prove even that Michael Smith committed fraud or diverted assets or breached his fiduciary duty, let alone that the defendants conspired with him.

There was no evidence presented to support any fraud claim. Under Pennsylvania law, a cause of action for fraud or intentional misrepresentation contains the following elements: (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or

recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance. Gibbs v. Ernst, 538 Pa. 193, 207-08 (1994). There is no evidence of an intentional misrepresentation of a material fact on the part of Frajdenberg or U.S. Concrete.

Similarly, the Court finds for the defendants on the civil conspiracy claim and the aiding and abetting a breach of fiduciary duty claim. Under Pennsylvania law, to prove a civil conspiracy, it must be shown that two or more persons combined or agreed with intent to do an unlawful act or to do an otherwise lawful act by unlawful means. Thompson Coal Co. v. Pike Coal Co., 488 Pa. 198, 211 (1979). Mega has not produced any evidence that U.S. Concrete or Frajdenberg agreed or combined with another person to defraud Mega. With respect to the aiding and abetting claim, Mega has not shown any type of relationship between the defendants and anyone owing a duty to Mega beyond Mr. Smith. They have not produced any evidence that the defendants helped Mr. Smith breach any fiduciary duty.

There was no conversion here. Mega has not produced any evidence that U.S. Concrete took Mega's laser screed machine without Mega's consent. It is undisputed that Mega rented out the screed to U.S. Concrete and that the screed was returned to

Mega upon completion of the project.  There was no evidence of any third-party contractual relationship so the defendants cannot be liable for the tortious interference with contract claim.

Finally, the plaintiffs have not produced prima facie evidence of unjust enrichment.  Under Pennsylvania law, to recover for unjust enrichment, there must be (1) an enrichment, and (2) an injustice resulting if recovery for the enrichment is denied.  Meehan v. Cheltenham Tp., 410 Pa. 446, 449 (1963).  This is the only claim that was argued by the plaintiffs at the end of their case.  Putting aside the legal arguments made by the defendants on this topic, the plaintiffs did not make out their case.  Although there was evidence that the defendants used the screed machine and did not pay for it, there was also evidence that the machine was defective and a backcharge was appropriate that was more than the rental price of the machine.  In addition, although there was a rental of the laser screed machine to U.S. Concrete, the amount of money owed on that rental has not been proven even by a preponderance of the evidence.  The evidence was contradictory on how many days it was used and, more importantly, the terms of the agreement.

An appropriate order shall issue.